UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PRESTON YOUNG,

                        Petitioner,

                                                                 07 Civ. 10411 (SCR)(GAY)

    -vs-

UNITED STATES OF AMERICA,

                        Respondent.

------------------------------------------------------------------------x

## **REPORT AND RECOMMENDATION**

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

    I.  Procedural History

    On September 22, 2004, petitioner Preston Young entered a plea of guilty to a three count indictment charging him with conspiring to violate the Hobbs Act by robbing an individual of money and jewelry in 2002; a substantive violation of the Hobbs Act involving the same robbery on June 5, 2002; and brandishing a firearm during the June 5, 2002 robbery, in violation of Title 18 U.S.C. Sections 1951, 1951 and 2, and 924 (c)(1)(A)(ii) and 2, respectively.  On July 13, 2006, U.S. District Judge Stephen C. Robinson sentenced Young to term of 121 months imprisonment, three years supervised release, and a mandatory $300.00 special assessment.  Young did not appeal his conviction or sentence. On or about January 16, 2008, Young filed the instant Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Section 2255.

    Young contends that he received ineffective assistance of counsel and that the Court violated his rights at his plea hearing and sentencing by not advising him concerning his rights to appeal; and not advising him that his guilty plea would constitute a waiver of his appellate rights.  The government filed a memorandum of law in opposition to the Section

2255 motion on December 1, 2008.

II. Discussion

A. Right to Appeal (Ground 2)

Young's contention that the Court did not advise him during his guilty plea proceeding of the fact that his guilty plea would constitute a waiver of his appellate rights lacks merit. Young did not enter into a plea agreement with the government that required him to waive any rights to appeal. As such, there was nothing for the Court to advise him on in that regard. The government only provided Young with a so-called Pimentel letter that set forth its position on the application of the Sentencing Guidelines. (Ex. A to Govt's Memo. of Law). Moreover, Magistrate Judge Mark D. Fox advised Young during the plea hearing that there was no plea agreement in the matter. (Ex. B at 9 to Govt's Memo. of Law).

Also, Young's contention that the Court did not advise him of his right to appeal is contradicted by the transcript of his sentencing. District Judge Stephen C. Robinson advised Young in detail that he had the right to appeal and that the Clerk of the Court would prepare and file a notice of appeal for him if he so requested. (Ex. C at 48 to Govt's Memo. of Law). Furthermore, the affirmation of Young's counsel, Chad D. Seigel, sets forth that counsel also advised Young of his right to appeal. (Ex. D to Govt's Memo. of Law).

Simply stated, Young's contention concerning the waiver of appellate rights and not being advised about his right to appeal has no factual or legal basis. Accordingly, it is respectfully recommended that this claim should be denied.

B. The Ineffective Assistance of Counsel Claims

Claims alleging ineffective assistance of counsel are evaluated under the two-part test forth in Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show both (1)

that his counsel's performance was so deficient that it was objectively unreasonable under professional standards prevailing at the time; and (2) that counsel's deficient performance was prejudicial to the petitioner's case. Id. at 687. Self-serving conclusory allegations made by the petitioner to this effect are insufficient to establish ineffective assistance of counsel. See United States v. Torres, 129 F.3d 710, 715-17 (2d Cir. 1997). Petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ...by the Sixth Amendment." Lanfranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002)(citation omitted).

There is a "strong presumption" that the defense counsel's conduct fell within the broad spectrum of reasonable professional assistance, and the petitioner has the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)(quotation omitted).

To satisfy the second prong of Strickland, the petitioner must establish that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694.

1. Anthony Siano, Esq. (Ground 1).

Attorney Anthony Siano initially represented Young in this matter. Young states in his Section 2255 motion that his counsel (Siano) "misadvised defendant to fabricate his knowledge of the use of a firearm by his co-defendants, prior to the act. Counsel insisted to defendant that unless he confessed to prior knowledge, the government would not consider bail." Young acknowledged during a proffer session with attorney Siano and the

government that he "overheard discussion [of a co-conspirator speaking about] getting [a] gun" and that he "had [an] idea [that a] gun might be used [to] show force." (Ex. D at ¶ 6; Ex. E at 9).  Young also acknowledged under oath during his guilty plea that he "was at a discussion [with other co-conspirators where it was discussed] . . . that there might be a gun used to use force."  (Ex. B at 25).  Young had also admitted the same to attorneys Chad D. Siegel and Joseph Tacopina.  (Ex. D at ¶ 6).

In any event, the only contention as to attorney Siano appears to be that an improper bail arguments were made or improper bail was set by the Court.  Said claims are not grounds for Section 2255 relief as Young suffered no prejudice.  The time that he served in custody prior to his sentencing will be credited against his sentence.  Accordingly, it is respectfully recommended that this claim should be denied.

2. <u>Joseph Tacopina Esq. and Norman D.Siege Esq.</u> (Grounds 3, 4)

Young argues that his counsel failed to enter objections at the plea allocution concerning the lack of subject matter jurisdiction by the Court.  He also asserts that counsel did not object to the failure of the government to demonstrate the essential elements of the crimes charged.  Said claims have no merit.

Young does not elucidate his contention that the Court lacked subject matter jurisdiction.  In any event, the Court clearly had subject matter jurisdiction concerning the charges of conspiracy to commit Hobbs Act robbery; the substantive Hobbs Act robbery; and brandishing a firearm in furtherance of the Hobbs Act robbery.  Young has provided this Court with no evidence or argument to the contrary.  Moreover, the elements of the crimes and the factual basis for the guilty plea was fully set forth on the record of the plea hearing by Magistrate Judge Mark D. Fox in accordance with Fed.R.Civ.P. 11 (b)(3).  Judge Fox had the Assistant U.S. Attorney ("AUSA") set forth the elements of the crimes

4

and factually show how the government would prove each element.  (Ex. C to Govts Memo. of Law at 18).  The AUSA in great detail set forth the factual basis for each of the crimes.  Id. at 18-23.  Young himself then stated on the record what his involvement was in all of the crimes.  Id. at 24-26.  Young's conclusory statement that the government failed to demonstrate the essential elements of the crimes is contradicted by the transcript.  In sum, Rule 11 was fully complied with.

Young's contention that counsel obstructed justice by advising him to admit prior knowledge of the use of a firearm by his co-defendants has been shown to be meritless.  (See Section B. 1 above).  His self-serving statements in that regard are contradicted by the record including the affidavit of his counsel.  No hearing is required as the record of this case show that Young is not entitled to relief.  28 U.S.C. § 2255.  Young's bald allegation that he did not knowingly and voluntarily execute the guilty plea is similarly without merit.  Judge Fox conducted a thorough plea allocution that complied with all requirements of Rule 11.  Judge Fox found that Young's plea was knowing, voluntary, and supported by an independent factual basis for each element of the crimes charged.  Id. at 33.

Simply stated, Young has not demonstrated ineffective assistance of counsel.  Accordingly, it is respectfully recommended that the claims alleging the same be denied.

## CONCLUSION

It is respectfully recommended that the Section 2255 motion be denied in its entirety.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 (b) of the Rules Governing § 2255 Cases, the parties shall have  (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to

objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed.R.Civ.P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order or judgment that will be entered. See Caldor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: November 10, 2009
White Plains, New York

Respectfully Submitted

GEORGE A. YANTHIS, U.S.M.J.