# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

PRESTON YOUNG,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

07 Civ. 10411 (SCR) (GAY)

MEMORANDUM ORDER
ADOPTING REPORT AND
RECOMMENDATION

**STEPHEN C. ROBINSON, United States District Judge:**

  Preston Young ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, challenging his convictions for conspiring to violate the Hobbs Act, 18 U.S.C. § 1951, violating the Hobbs Act, 18 U.S.C. §§ 1951 and 1952, and brandishing a firearm during a Hobbs Act violation, 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2). Petitioner pled guilty to these crimes on September 22, 2004. He did not appeal his conviction or sentence. Petitioner now seeks habeas relief on the grounds that he received ineffective assistance of counsel and that this Court did not advise Plaintiff at either his plea hearing or sentencing regarding his rights to appeal. Petitioner is currently serving a term of 121 months imprisonment.

  This Court referred the petition to Magistrate Judge George A. Yanthis to issue a Report and Recommendation. Judge Yanthis issued the Report and Recommendation on November 10, 2009, recommending that this Court dismiss the petition in its entirety. As Judge Yanthis explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts, the parties had a right to file written objections to the Report and Recommendation within

thirteen days from November 10, 2009. Petitioner filed Objections to the Report and Recommendation ("Objections") on November 30, 2009. Having found no prejudice to the parties by Petitioner's late filing, this Court will consider Petitioner's Objections as if timely filed.

For the reasons set forth below, this Court adopts Judge Yanthis's Report and Recommendation in its entirety and dismisses Petitioner's habeas corpus petition.

## I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Kirk v. Burge*, No. 07 Civ. 7467, 2009 WL 438054, at *1 (S.D.N.Y. Aug. 6, 2009). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL

2

23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases). Further, district courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *See Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) (collecting cases).

## II. DISCUSSION

### a. Objections to the Report and Recommendation

Petitioner objects that Judge Yanthis did not consider the arguments set forth in Petitioner's Reply to Government's Memorandum of Law in Opposition to Petitioner's 28 U.S.C. § 2255 Motion ("Reply"). In particular, Petitioner argues that Judge Yanthis overlooked Petitioner's ineffective assistance of counsel claims that his counsel failed to adequately present an imperfect duress claim and to sufficiently challenge the Government's evidence that Petitioner "facilitate[d] or encourage[d] the use of a firearm" in violation of 18 U.S.C. § 924(c). *See* Obj. at pp. 2-3.

### b. Counsel's failure to adequately present Petitioner's imperfect duress claim

Petitioner alleges that his counsel failed to adequately present Petitioner's imperfect duress claim. The Report and Recommendation discusses Petitioner's ineffective assistance of counsel claims, but does not directly address Petitioner's claim that his counsel failed to adequately present the duress claim. *See* Report and Recommendation at pp. 2-5. Accordingly, this Court reviews the claim *de novo*.

In his Reply, Petitioner argues that "had his defense counsel investigated Petitioner's [imperfect duress] claim, spoke to Petitioner's witnesses, examined Petitioner's cell phone records and presented Petitioner's evidence," *see* Reply at p. 6, the Court "would have looked upon the Petitioner in a different light and this would have manifested itself in a different

3

sentence for the Petitioner," *see id.* at p. 8.[1] Petitioner claims that counsel's failure to sufficiently investigate and present a duress claim constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *See id.* at pp. 2-9.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) counsel's performance was so deficient that it was objectively unreasonable under prevailing professional standards; and (2) counsel's deficient performance was prejudicial to the defendant such that, but for counsel's performance, there exists a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *accord Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994), *cert. denied*, 513 U.S. 820 (1994). The reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. This presumption extends to counsel's strategic decisions. *See id.* at 688-91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."); *see also Mason v. Scully*, 16 F.3d 38, 42 (2d Cir. 1994) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance" (internal quotations omitted).).

Petitioner asserts that he "does not base his claim of ineffective assistance on his defense counsel's strategy, but rather upon defense counsel's failure to act in a responsible and professional manner with respect to specific issues." *See* Reply at p. 3. This Court disagrees. All of the conduct about which Petitioner complains—*i.e.* counsel's alleged failure to adequately

---

[1] Petitioner's counsel did present the duress claim to this Court during Petitioner's sentencing hearing. *See* Gov't Mem. of Law in Opp. to Pet'r Pet. Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence, Ex. C at 14-17, 19-23. In imposing Petitioner's sentence, this Court made clear that it had considered the duress claim and even that it had "accept[ed]" that Petitioner "was under some fear . . . of harm to himself or to his family members." *See id.* at p. 42.

4

investigate and present the duress claim—involves matters of strategy. Petitioner has not offered any evidence from which this Court could conclude that counsel's strategy was unreasonable under prevailing professional standards. Thus, Petitioner has not established that counsel's conduct with regard to the duress strategy amounted to ineffective assistance of counsel.

### c. Counsel's failure to adequately challenge that Petitioner facilitated or encouraged the use of a firearm

Petitioner also claims that his counsel failed to adequately challenge the Government's evidence that Petitioner "facilitate[d] or encourage[d] the use of a firearm" in violation of 18 U.S.C. § 924(c). *See* Obj. at pp. 2-3. The Report and Recommendation analyzed this claim and concluded that Petitioner's allegations were insufficient to establish a *Strickland* violation. *See* Report and Recommendation at pp. 3-5. Petitioner's Objections reiterate the arguments made in his Reply and do not challenge any legal rule, analysis, or characterization of material facts in the Report and Recommendation. *See* Obj. at 2-3. This Court, therefore, has reviewed this claim for clear error only and has determined that there is none.

### d. Uncontested Portions of Report and Recommendation

Petitioner has not raised any objections to the remaining portions of Judge Yanthis's Report and Recommendation. Therefore, this Court has reviewed the uncontested portions of the Report and Recommendation for clear error only and has determined that there is no clear error on the face of the record.

### III. CONCLUSION

This Court has reviewed Judge Yanthis's thorough and well-reasoned Report and Recommendation and adopts Judge Yanthis's findings in their entirety. Accordingly,

5

Petitioner's petition for habeas corpus is dismissed. The Clerk of the Court is directed to close the case.

*It is so ordered.*

Dated: White Plains, New York

January 6, 2010

Stephen C. Robinson, U.S.D.J.